(46 Misc. Rep. 122)

### PIERCE v. NEWLIN.

(Supreme Court, Appellate Term. December 23, 1904.)

1. ATTORNEYS—ACTION FOR SERVICES—ANSWER.

In an action for attorney's services, a denial in an answer that defendant agreed to pay plaintiff or his assignor for the services—it being understood that the services should be rendered without retainer, and should await a collection of the claim, in consideration of the fact that defendant had been sending plaintiff professional business from which he had made large profits—was insufficient.

2. SAME.

In an action for attorney's services, a defense alleging that plaintiff abandoned the suits without defendant's consent, on account of a dispute as to plaintiff's conduct in another case intrusted to him by defendant, was insufficient as an allegation that plaintiff unjustifiably withdrew from the litigation in question.

3. SAME—CONCLUSIONS.

In an action for attorney's services, a defense that, under the circumstances of the case, defendant denies that the plaintiff is entitled to any compensation whatever, expressed an opinion only, and was insufficient to form a litigated issue.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Carlton B. Pierce against James W. M. Newlin. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Thomas J. O'Neil, for appellant.

Carrington & Pierce, for respondent.

MacLEAN, J. The plaintiff, an attorney at law, alleges performance of certain professional services and expenditures, rendered and made at the defendant's special instance and request in the prosecution of two actions against two banks, with appeal in one to the Appellate Division, and in the other to the Court of Appeals—the reasonable value of the services at $347.50, the amount of the expenditures and nonpayment. Answering, and saying nothing about value of services, amount of expenditures, or nonpayment, the defendant—

"(1) Admits that the defendant employed the plaintiff to bring the two certain actions mentioned in the complaint, but denies that he agreed to pay the plaintiff or plaintiff's alleged assignor for said services; it being understood * * * that such services should be rendered to the defendant without retainer, and that they should await a collection by them from the banks, in consideration of the fact that the defendant was sending them professional business from which they made large profits. (2) The plaintiff abandoned the suits without the consent of the defendant herein or of the court, on account of a dispute as to plaintiff's conduct of another case intrusted to him by the defendant. (3) The plaintiff, in writing, told the defendant that he considered his services worth $185. (4) In the circumstances of the case, the defendant denies that the plaintiff is entitled to any compensation whatever."

In the answer it was also alleged as a counterclaim that:

"The plaintiff and plaintiff's assignor so conducted themselves in the management of the litigation that the defendant was defeated therein, and damages

in the sum of $750 are being claimed against him by the banks. * '* *
That said plaintiff and plaintiff's alleged assignors gave this defendant advice
as to the law * * * which the Court of Appeals has declared to be er-
roneous, and that by reason thereof this defendant was caused the damages as
aforesaid."

When, after the opening of a default suffered by the defendant,
the cause finally came up for trial, the plaintiff moved for and was
granted judgment upon the pleadings. Why not? The employ-
ment, rendition of the services, their value, and the expenditures
not being denied, nothing but judgment remained, unless a defense
could be spelled out of the allegations in the answer. That can
hardly be. The first paragraph contains a bootless denial of a legal
implication, asserts an understanding that the plaintiff and assignor
were to work without a retainer—the preliminary payment to keep
them from the other side (In re Schaller, 10 Daly, 57)—and that
they were to await a collection from the banks, without saying
there had been no collections, or that proceedings therefor either
had failed or were unfinished. If, as now intimated upon the brief,
the language used means that the plaintiff undertook to work for
nothing because the defendant touted for him, or to ask nothing
unless he succeeded and got from the parties he sued, that could
and should have been inserted by the defendant, a Philadelphia
lawyer of pretensions, who drew and verified the answer, or by
his attorney of record, an attorney of known experience and known
practice. As it stands, it is meaningless, or means nothing to the
point. The assertions of abandonment in paragraph 2 is not, so
far as appears, an allegation that the plaintiff unjustifiably ceased
from his labors. Pickard v. Pickard, 83 Hun, 340, 341, 31 N. Y.
Supp. 987. Indeed, it looks as if he stopped only when he had
nothing more to do, and it only remained for his opponents to enter
up final judgments. Paragraph 3 contains possibly a bit of evi-
dence, and the fourth expresses the opinion of a lawyer, without a
statement of facts to make it a litigated issue. No evidence was
offered under the counterclaim, nor was attention called to it other-
wise.

Perhaps the learned justice might have found, had he been mind-
ed, authority for allowing at the trial an amendment which would
have contradicted the answer as drawn and verified, but he wisely
denied a motion therefor. The judgment should be affirmed.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs in result. GILDERSLEEVE, J.,
concurs.